IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, April 1, 2008

STATE OF TENNESSEE *ex rel* KATRINA WEEKS, v. CHRISTOPHER D. KIRKLAND, IN RE: MINOR CHILD: KYLE WEEKS, d.o.b. 7/16/96

Direct Appeal from the Juvenile Court for Monroe County
No. J96-342     Hon. J. Reed Dixon, Judge

No. E2007-01735-COA-R3-JV  - FILED APRIL 17, 2008

The Trial Court entered Judgment for back child support, but barred the State from enforcing the Judgment though passport denial. We reverse the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Reversed and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter, and
Juan G. Villasenor, Assistant Attorney General, Nashville, Tennessee, for appellant, State of Tennessee *ex rel* Katrina Weeks.

Steven B. Ward, Madisonville Tennessee, for appellee, Christopher D. Kirkland.

**OPINION**

This dispute originated when the father filed a Petition to modify child support regarding his son, Kyle Weeks, who resides with his mother. The father asked for his child support obligation to be decreased, stating that he had been laid off from his job. The mother Answered, stating the parties' visitation order had been entered over ten years ago, and since that time, the father had only exercised visitation on 2 or 3 occasions, and asked that the Petition be dismissed.

At a hearing before the referee, it was determined that there was an arrearage of $5,328.71. The father was dissatisfied, and asked for review by the Court. At the hearing before the Court, the Judge affirmed the referee's findings regarding support, but stated that "the Court at this time does not authorize enforcement of the arrearage through passport denial."

The State Appealed this issue.

No transcript of the evidentiary hearing has been filed in the record, but the issue before us is a question of law, and the Trial Court's decision does not enjoy a presumption of correctness. Tenn. R. App. P. 13(d).

The State argues the Trial Court lacked subject matter jurisdiction to limit the State's ability to collect the father's child support arrearage through passport denial. The State relies on the federal statutes governing IV-D actions, 42 U.S.C. §652(k) and 42 U.S.C. §654(31), which require the State to certify to the U.S. Secretary of State when an individual has a child support arrearage exceeding $2,500.00, so that the Secretary may revoke, restrict or refuse to issue a passport to that individual. The State also relies on Tenn. Code Ann. §36-5-101(f)(4), which gives the Department of Human Services the right to use any administrative means to collect an arrearage of child support.

The State points out that because the father owed an arrearage exceeding $2,500.00, it was required to certify to the Secretary that he owed such arrearage, and the Court could not bar the State from carrying out that duty. The above cited federal statutes mandate that requirement and the husband, in his reply brief filed by his attorney, has conceded this issue on appeal.

We reverse the Judgment of the Trial Court on this issue and remand, with the cost of the appeal assessed to Christopher D. Kirkland.

 

 

 

 
_____
HERSCHEL PICKENS FRANKS, P.J.